1 | BOWMAN AND BROOKE LLP
  | Edgar J. Gutierrez (SBN 189011)
2 | Marion V. Mauch (SBN 253627)
  | 879 West 190th Street, Suite 700
3 | Gardena, California 90248-4227
  | Telephone: (310) 768-3068
4 | Facsimile: (310) 719-1019

5 Attorneys for Defendant, HAMILTON BEACH BRANDS, INC.

6 E-filing

7

8 **UNITED STATES DISTRICT COURT**

9 **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO**

10

11 FIRE INSURANCE EXCHANGE,                    CV 08          1455

12              Plaintiff,              CASE NO.:

13 vs.                                  (Removed from Sonoma County
                                        Superior Court- Case No. SCV-241820)
14 HAMILTON BEACH/PROCTOR-SILEX,                                    WDB
   INC., and DOES 1 through 10, inclusive,
15                                      Assigned to:
                Defendants.             Department:
16

17                                      **NOTICE OF REMOVAL TO THE
                                        UNITED STATES DISTRICT COURT**
18                                      **FOR THE NORTHERN DISTRICT OF
                                        CALIFORNIA UNDER 28 U.S.C.**
19                                      **SECTION 1441(b) DIVERSITY;
                                        DECLARATION OF EDGAR J.**
20                                      **GUTIERREZ; EXHIBITS**

21                                      Action Filed: 11/8/07

22

23

24      TO THE CLERK OF THE UNITED STATED DISTRICT COURT FOR THE

25 NORTHERN DISTRICT OF CALIFORNIA:

26      Defendant Hamilton Beach Brands, Inc. f/k/a Hamilton Beach/Proctor-Silex, Inc.

27 removes this case to the United States District Court for the Northern District of

28 California, San Francisco Division pursuant to 28 U.S.C § 1441(a) based upon diversity

L443624                                 - 1 -

1  jurisdiction as defined by 28 U.S.C. § 1332. The basis for removal is as follows:

2      1.    On November 8, 2007, plaintiff Fire Insurance Exchange commenced this
3  action in the Sonoma County Superior Court entitled as follows: <u>Fire Insurance</u>
4  <u>Exchange v. Hamilton Beach/Proctor-Silex, Inc., and DOES 1 through 10, Inclusive,</u>
5  Case No. SCV-241820. Hamilton Beach/Proctor-Silex, Inc. was served by mail, with a
6  copy of plaintiff's Summons and Complaint on November 28, 2007, at its corporate
7  headquarters in Glen Allen, Virginia. A true and correct copy of plaintiff's Complaint
8  and all process received are attached as Exhibit "A" to the Declaration of Edgar J.
9  Gutierrez.

10      2.    On December 28, 2007, Hamilton Beach Brands, Inc.'s answered
11  plaintiff's Complaint and concurrently filed its jury demand. A true and correct copy of
12  Hamilton Beach Brands, Inc.'s Answer to Plaintiff's Complaint and Jury Demand, is
13  attached as Exhibit "B" to the Declaration of Edgar J. Gutierrez.

14      3.    This is a civil action over which this Court has original jurisdiction under
15  28 U.S.C. §1332, and is one which may be removed to this Court by defendant
16  Hamilton Beach Brands, Inc. pursuant to 28 U.S.C. § 1441(a) because it involves
17  citizens of different states, and the amount in controversy exceeds $75,000, exclusive
18  of interests and costs.

19      4.    **Diversity:**    Diversity of citizenship must exist at the time of filing the
20  original complaint and when the petition for removal is filed. Diversity of citizenship
21  does not depend on residency but on a party's citizenship as these two terms are not
22  synonymous. <u>See</u>, <u>McClanahan v. Galloway</u> (D.C. Cal. 1955) 127 F. Supp. 929. In the
23  case of a corporation as is the case here, a corporation is a citizen of the state in which
24  it is incorporated and, where it has its principal place of business. <u>Co-Efficient Energy</u>
25  <u>Systems v. CSL Industries, Inc.</u> (9th Cir. 1987) 812 F.2d 556, 559-560.

26      5.    Plaintiff's Complaint does not set forth plaintiff's state of incorporation or
27  principal place of business for purposes of determining diversity and removal. Plaintiff's
28  Complaint simply states that "plaintiff Fire Insurance Exchange [is] a corporation

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF CALIFORNIA UNDER 28 U.S.C. SECTION 1441(b) DIVERSITY; DECLARATION OF
EDGAR J. GUTIERREZ; EXHIBITS

1    qualified to do business in California." <u>See</u>, Plaintiff's Complaint at p. 1, paragraph 3,

2    line (a)(1), Exhibit "A" to Declaration of Edgar J. Gutierrez.

3    　　　6.    Defendant Hamilton Beach Brands, Inc. ascertained that there was

4    complete diversity only within the last two (2) weeks, following receipt of plaintiff's

5    responses to written discovery setting forth plaintiff's business status.    Plaintiff's

6    responses were served on February 12, 2008 and received by defense counsel on

7    February 15, 2008.    Accordingly, removal is timely under 28 U.S.C. 1446 (b); <u>see</u>,

8    <u>Lovern v. General Motors Corp.</u> (4th Cir. 1997) [because plaintiff's residence not

9    alleged in complaint, diversity not discovered until he responded to interrogatories-

10    interrogatories constitute "other paper" from which diversity can be determined for

11    purposes of triggering removal timeframe under § 1446(b); <u>see also</u>, <u>Chapman v.</u>

12    <u>Powermatic, Inc.</u> (5th Cir. 1992) 969 F.2d 160, 164 [same]; <u>Huffman v. Saul Holdings</u>

13    <u>Ltd. Partnership</u> (10th Cir. 1999) 194 F.3d 1072, 1078 [same- in context of deposition].

14    A true and correct copy of Form Interrogatory, Interrogatory 3.1 and plaintiff's verified

15    response thereto is attached as Exhibit "C" to the Declaration of Edgar J. Gutierrez.

16    　　　7.    According to plaintiff's response to Form Interrogatory No. 3.1, Defendant

17    Hamilton Beach Brands, Inc. is informed that plaintiff Fire Insurance Exchange was and

18    is, a "reciprocal or inter-insurance exchange organized and existing under the laws of

19    the State of California" and with its principal place of business in Phoenix, Arizona.

20    　　　8.    Based upon an ambiguity in plaintiff's response to Form Interrogatory No.

21    3.1 and the apparent conflict between that response and, page 1, paragraph 3, line

22    (a)(1) of plaintiff's Complaint, counsel for Hamilton Beach Brands, Inc. conducted

23    research on the State of California Department of Insurance's website to obtain further

24    information on Fire Insurance Exchange's business status.    As set forth in the company

25    profile generated from that website, Fire Insurance Exchange is a resident domiciliary of

26    California.    See Exhibit "D" to the Declaration of Edgar J. Gutierrez.

27    　　　9.    Defendant Hamilton Beach Brands, Inc. is a Delaware Corporation with its

28    principal place of business in Glen Allen, Virginia.

1    10.    Complete diversity is therefore met and there are no other named

2    defendants who can defeat diversity.  "DOE" defendants may be ignored for removal

3    purposes.  See, Salveson v. Western State Bank Card Assn. (9th Cir. 1984) 731 F.2d

4    1423.

5    11.    **Amount in Controversy**: Plaintiff's Complaint does not specifically set

6    forth a specific amount of damages for purposes of determining the amount in

7    controversy.  Plaintiff's Complaint merely states: "Plaintiff prays for judgment for costs

8    of suit; for such relief as is fair, just, and equitable; and for compensatory damages.

9    The amount of damages is according to proof, plus interest pursuant to Civil Code

10   Section 3287, et seq." See Plaintiff's Complaint at p. 3, paragraph 14, lines (a), Exhibit

11   "A" to Declaration of Edgar J. Gutierrez.

12   12.    Pursuant to plaintiff's discovery responses, Defendant Hamilton Beach

13   Brands, Inc. ascertained that the amount in controversy exceeds $75,000.  Based on

14   plaintiff's written discovery responses, specifically, interrogatory number 7.1 at page 4,

15   line 23, the amount in controversy is currently $204,367.53.  See Plaintiff's Responses

16   to Form Interrogatories, number 7.1, at page 4, line 23, Exhibit "C" to the Declaration of

17   Edgar J. Gutierrez.

18   13.    Based upon the foregoing, all requirements for federal diversity jurisdiction

19   and removal jurisdiction have been met.  Defendant Hamilton Beach Brands, Inc.

20   therefore requests that this action now pending against it in the Superior Court of

21   California, County of Sonoma be removed to this Court, and that this Court assume

22   complete jurisdiction in this matter.

23   DATED: March 10, 2008                    BOWMAN AND BROOKE LLP

24

25                                   By:    _____

26                                          Edgar J. Gutierrez
                                            Marion V. Mauch
27                                          Attorneys for Defendant
                                            HAMILTON BEACH/PROCTOR-SILEX,
28                                          INC.

L443624                              - 4 -

## DECLARATION OF EDGAR J. GUTIERREZ

I, Edgar J. Gutierrez, declare:

1.    I am an attorney at law duly licensed to practice before all courts of this State of California and this Court.  I am a partner with the law firm of Bowman and Brooke LLP, counsel of record for defendant, Hamilton Beach Brands, Inc.  I have personal knowledge of the matters stated herein.  As to those matters stated on information and belief, I am informed and believe them to be true.  If called and sworn as a witness, I could and would competently testify to the following:

2.    A true and correct copy of plaintiff's Complaint and all service of process effected on the offices of Hamilton Beach/Proctor-Silex, Inc. is attached hereto as Exhibit "A."

4.    A true and correct copy of Hamilton Beach Brands, Inc.'s Answer to Plaintiff's Complaint and Jury Demand, filed December 28, 2007, is attached as Exhibit "B."

5.    A true and correct copy of plaintiff's verified responses to Interrogatories 3.1 and 7.1 of defendant Hamilton Beach Brands, Inc.'s Judicial Council Form Interrogatories, are attached hereto as Exhibit "C."

6.    On February 26, 2008, I personally researched the State of California's Department of Insurance internet website at http://www.insurance.ca.gov/ to ascertain further information on the plaintiff's domiciliary status as that information was not completely provided in subsection C of plaintiff's response to form interrogatory 3.1. Attached as Exhibit "D" is the company profile which I personally obtained from the website which sets forth the plaintiff's state of domicile information and other particulars.

/ / /
/ / /
/ / /
/ / /

DECLARATION OF EDGAR J. GUTIERREZ; EXHIBITS

1    I declare under penalty of perjury under the laws of the State of California that

2   the foregoing is true and correct.

3    Executed this 10 day of March, 2008, at Gardena, California.

4

5

6    _____

     Edgar J. Gutierrez, Declarant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

L443624

- 2 -

DECLARATION OF EDGAR J. GUTIERREZ; EXHIBITS

# EXHIBIT "A"

PLD-PI-001

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Kenneth W. Turner, Esq. (SB# 100393)
LAW OFFICES OF KENNETH W. TURNER
2057 Forest Avenue, Suite 3
Chico, California 95928

TELEPHONE NO: 530-898-0774    FAX NO. (Optional): 530-898-0775
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff, FIRE INSURANCE EXCHANGE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
STREET ADDRESS: 600 Administration Drive, Room 107J
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa, California 95403
BRANCH NAME:

PLAINTIFF: FIRE INSURANCE EXCHANGE

DEFENDANT: HAMILTON BEACH/PROCTOR-SILEX, Inc., and

[X] DOES 1 TO  10

FOR COURT USE ONLY

*ENDORSED*
*FILED*
NOV - 8 2007
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED (Number):
Type (check all that apply):
[ ] MOTOR VEHICLE          [X] OTHER (specify): SUBROGATION
  [X] Property Damage       [ ] Wrongful Death
  [ ] Personal Injury       [ ] Other Damages (specify):

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
  Amount demanded    [ ] does not exceed $10,000
                     [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
      [ ] from limited to unlimited
      [ ] from unlimited to limited

CASE NUMBER:
SCV - 241820

1. Plaintiff (name or names): FIRE INSURANCE EXCHANGE

   alleges causes of action against defendant (name or names): HAMILTON BEACH/PROCTOR-SILEX, Inc., and
   DOES 1 through 10, inclusive.
2. This pleading, including attachments and exhibits, consists of the following number of pages: FIVE
3. Each plaintiff named above is a competent adult
   a. [X] except plaintiff (name): FIRE INSURANCE EXCHANGE
      (1) [X] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other (specify):
      (5) [ ] other (specify):

   b. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other (specify):
      (5) [ ] other (specify):

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 8

Form Approved for Optional Use
Judicial Council of California

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Legal
Solutions

Code of Civil Procedure, § 425.12

| SHORT TITLE: FIRE INSURANCE EXCHANGE v. HAMILTON BEACH/PROCTOR-SILEX, Inc., and DOES 1-10, inclusive. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name): HAMILTON BEACH/PROCTOR-SILEX, INC.

   (1) ☐ a business organization, form unknown
   (2) ☒ a corporation
   (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):

   (5) ☐ other (specify):

   b. ☐ except defendant (name):

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):

   (5) ☐ other (specify):

   c. ☐ except defendant (name):

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):

   (5) ☐ other (specify):

   d. ☐ except defendant (name):

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):

   (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 1 through 5 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): 6 through 10 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

PLD-PI-001 [Rev. January 1, 2007]    COMPLAINT—Personal Injury, Property Damage, Wrongful Death

PLD-PI-001

| SHORT TITLE: FIRE INSURANCE EXCHANGE v. HAMILTON BEACH/PROCTOR-SILEX, Inc., and DOES 1-10, inclusive. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

- a. ☐ Motor Vehicle
- b. ☒ General Negligence
- c. ☐ Intentional Tort
- d. ☒ Products Liability
- e. ☐ Premises Liability
- f. ☐ Other *(specify)*:

11. Plaintiff has suffered

- a. ☐ wage loss
- b. ☐ loss of use of property
- c. ☐ hospital and medical expenses
- d. ☐ general damage
- e. ☒ property damage
- f. ☐ loss of earning capacity
- g. ☒ other damage *(specify)*: Payout pursuant to contract of insurance.

12 ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

- a. ☐ listed in Attachment 12.
- b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

- a. (1) ☒ compensatory damages
-    (2) ☐ punitive damages
- The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
-    (1) ☒ according to proof, plus interest pursuant to Civil Code Section 3287, et seq
-    (2) ☐ in the amount of: $ 0.00

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*: - All charging allegations.

Date: November 1, 2007

Kenneth W. Turner
_(TYPE OR PRINT NAME)_

▶ _(SIGNATURE OF PLAINTIFF OR ATTORNEY)_

PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property**

Page 3 of 3

PLD-PI-001(2)

| SHORT TITLE:  FIRE INSURANCE EXCHANGE v. HAMILTON BEACH/PROCTOR-SILEX, Inc., and DOES 1-10, inclusive. | CASE NUMBER: |
|---|---|

FIRST                  CAUSE OF ACTION—General Negligence          Page FOUR
___(number)___

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  FIRE INSURANCE EXCHANGE

    alleges that defendant *(name)*:  HAMILTON BEACH/PROCTOR-SILEX, Inc., and

            [X] Does 1____ to 10_____

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*:  February 15, 2007

at *(place)*: 15372 Marty Drive, Glen Ellen, California 94552 - residence of Maria Flores

    *(description of reasons for liability)*:

On February 15, 2007 a fire occurred at the above captioned premises.  The fire was due to the negligence of defendants and each of them.  Defendants negligently manufactured and designed one toaster which caused the fire.

The direct and proximate cause of the plaintiff's insureds' loss is due to the negligence of defendants, and each of them.  Pursuant to the applicable contract of insurance, Plaintiff, Fire Insurance Exchange, paid its insured and was subrogated to the extent of its payout.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—General Negligence

Legal
Solutions
Ⓟ Plus

Code of Civil Procedure 425.12

PLD-PI-001(5)

| SHORT TITLE: FIRE INSURANCE EXCHANGE v. HAMILTON BEACH/PROCTOR-SILEX, Inc., and DOES 1-10, inclusive. | CASE NUMBER: |
|---|---|

SECOND_____ CAUSE OF ACTION—Products Liability        Page FIVE____
(number)

ATTACHMENT TO  [X] Complaint  [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name)*: FIRE INSURANCE EXCHANGE

Prod. L-1. On or about *(date)*: February 15, 2007      plaintiff was injured by the following product:
       4 slice toaster

Prod. L-2  Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
       [X]  used in the manner intended by the defendants.
       [ ]  used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
       [ ]  purchaser of the product.                    [ ]  user of the product.
       [ ]  bystander to the use of the product.         [X]  other *(specify)*: Insurer of the user of the product.

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod. L-4. [X] **Count One--Strict liability** of the following defendants who
       a. [X]  manufactured or assembled the product *(names)*: HAMILTON BEACH/PROCTOR-SILEX, Inc., and

               [X] Does 1_____ to 10_____
       b. [X]  designed and manufactured component parts supplied to the manufacturer *(names)*: HAMILTON BEACH/PROCTOR-SILEX, Inc., and

               [X] Does 1_____ to 10_____
       c. [X]  sold the product to the public *(names)*HAMILTON BEACH/PROCTOR-SILEX, Inc., and

               [X] Does 1_____ to 10_____
Prod. L-5. [X] **Count Two—Negligence** of the following defendants who owed a duty to plaintiff *(names)*:
       HAMILTON BEACH/PROCTOR-SILEX, Inc., and

               [X] Does 1_____ to 10_____
Prod. L-6. [X] **Count Three—Breach of warranty** by the following defendants *(names)*: HAMILTON BEACH/PROCTOR-SILEX, Inc., and
               [X] Does 1_____ to 10_____
       a. [X]  who breached an implied warranty
       b. [X]  who breached an express warranty which was
               [X] written  [X] oral
Prod. L-7. [ ]  The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
               [ ] listed in Attachment-Prod. L-7  [ ] as follows:

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]        CAUSE OF ACTION—Products Liability        Legal Solutions Plus        Code of Civil Procedure, § 425.12

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>**CIVIL DIVISION**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>www.sonomasuperiorcourt.com | (FOR COURT USE ONLY)<br><br>ENDORSED<br>FILED<br>NOV - 8 2007<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE,**<br>**and ORDER TO SHOW CAUSE**<br>☐ **Collections (see footnote)** | Case number:<br><br>SCV - 241820 |

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON. _____MARK TANSIL_____FOR ALL PURPOSES.**
   Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.
2. A Case Management Conference has been set at the time and place indicated below:

| Date: MAR 1 0 2008<br>Location: 1450 Guerneville Rd.<br>Santa Rosa, CA 95403 | Time: 4:00 | Courtroom: 18 |
|---|---|---|

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.
4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.
5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://www.sonomasuperiorcourt.com/tentative/index.php.

## ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with timely filing requirements stated in California Rules of Court, Rules 3.110 and/or 3.725, you must then and there show cause why this Court should not impose monetary and/or terminating sanctions.

---

**\* Telephone appearances are not allowed.** Case Management Conferences in Collections cases incorporate a settlement conference. Counsel/parties **with settlement authority** are required to appear in person.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA <br> 600 ADMINISTRATION DRIVE, ROOM 107-J <br> SANTA ROSA, CALIFORNIA 95403-2878 | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |

| ADR INFORMATION SHEET <br> [Sonoma County Superior Court Rules, Rule 16] | CASE NUMBER: |
|---|---|
| (Check one):   ☐ UNLIMITED CASE <br>(Amount demanded exceeds $25,000)   ☐ LIMITED CASE <br>(Amount demanded is $25,000 or less) | Date: <br> Time: <br> Location: <br> Assigned Judge: |

## NOTICE TO ALL PARTIES AND THEIR ATTORNEYS

The policy of the Sonoma County Superior Court is:
   "The formal litigation of legal claims and disputes is expensive and time consuming. The overall results achieved by some or all of the parties are often unsatisfactory. There are many modern alternatives to formal court litigation which are less expensive, less time consuming, and more beneficial to the parties. It is therefore the firm policy and goal of this court to encourage the parties in all civil cases to explore and pursue private dispute resolution alternatives at the earliest possible date." (Local Rule 16.1.)
   Although most (90-98%) cases do settle, many settlements come only after a considerable amount of time, money, and resources have been expended. Such expenditures, as well as the adversarial nature of litigation, can be a disincentive to settlement. The Sonoma County Superior Court encourages the use of Alternative Dispute Resolution (ADR) as early as possible after the parties become aware of a dispute.
   Most ADR processes are voluntary and are paid for by the parties themselves, but ADR has proved in many cases to be faster, cheaper, and more effective than traditional litigation.

## ADVANTAGES OF ADR:

   The filing of your complaint or answer may be just the beginning of the costs that you will incur during the course of your lawsuit. Lawsuits can be extremely costly. By utilizing ADR methods early in the course of your case, you may significantly reduce these costs by either resolving the case before expensive discovery and trial proceedings are commenced or by narrowing the scope of your discovery by identifying disputed and undisputed factual and legal issues.
   ADR can be a fast, economical, efficient, and effective way to resolve civil cases, and most litigants report satisfaction with the process. ADR procedures can be scheduled at your convenience and can be completed in a fraction of the time required for traditional litigation. The cost of ADR will depend on the procedure and the provider you select, and the cost is typically less than litigation.
   Most ADR processes are confidential but can result in enforceable agreements. Many ADR processes will give you an opportunity to test the strengths and weaknesses of your case without adverse impact in the event of a trial. Depending upon the method of ADR you select, it may be the last chance for you to control the outcome of your dispute before you place the decision in the hands of a judge or jury.

## METHODS OF ADR:

   **A. MEDIATION:** Mediation is one of the most frequently used methods of ADR because it is informal, quick, convenient and confidential. In this process the parties select a neutral mediator who facilitates the identification of issues and areas of agreement and assists in finding a resolution or settlement of the dispute. Since mediation requires the agreement of the parties to resolve the matter, control of the proceedings and a determination of the settlement terms remains completely in the parties' hands. The mediator remains neutral and assists the parties in arriving at terms that are mutually agreeable.

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**B. ARBITRATION:** The parties jointly employ a neutral third party or a panel of neutrals to listen to both sides and render a decision. The parties are free to make the arbitrator's decision binding or non-binding. When non-binding, the arbitrator's decision serves as guide or influence upon the parties to bring them closer to settlement. If it is binding, the decision of the arbitrator will be final and generally avoids any further proceedings in the case. Non-binding judicial arbitration may be ordered in certain cases before trial.

**C. EARLY NEUTRAL EVALUATION:** A neutral evaluator is hired by the parties to give an evaluation of the case to help settle it. You or your attorney will be permitted to prepare a written statement, present critical witnesses or other evidence, argue your case to the evaluator, meet separately and confidentially with the evaluator, and utilize the evaluator to communicate any settlement offers to the opposing party.

**D. PRIVATE SETTLEMENT CONFERENCE:** A voluntary settlement conference is similar to early neutral evaluation in that the parties employ a neutral settlement officer who attempts to persuade the parties to accept a compromise position. It is a form of facilitated negotiation in which the settlement officer may express an opinion about the value of the case, the substantive merits of each party's position, and the probable outcome of the trial.

There are various other methods or combinations of methods of ADR, such as summary jury trial, mini-trial, special master and discovery referee. The court encourages the parties to be creative in selecting the process which has the best chance of resolving the case as quickly, effectively, and inexpensively as possible. You will have a chance to review your ADR options at the time of the Early Mediation and Case Management Conference.

**The undersigned party is willing to agree to any of the following forms of ADR at this time (for family law and probate actions only). Your selection will inform the other parties in the case of your current thoughts regarding the use of ADR. If all parties agree on a particular ADR method, you will be asked to file a stipulation on the court's form. The stipulation form (Sonoma County Superior Court form #MISC-101) can be found at the court's web site and is available at the court.)**

| | | | |
|---|---|---|---|
| ☐ | Mediation | ☐ | Early Neutral Evaluation |
| ☐ | Non-binding Private Arbitration | ☐ | Binding Private Arbitration |
| ☐ | Voluntary Settlement Conference | ☐ | Summary Jury Trial |
| ☐ | Other _____ | ☐ | Judicial Arbitration |

I / We certify that I / We have read and understood (or have had explained to me / us) the foregoing.

Date: _____        _____
                                       Signature of Party

Date: _____        _____
                                       Signature of Party

Date: _____        _____
                                    Signature of Attorney for Party
                              ☐ Additional signatures are attached

**NOTE: This form requires the signatures of the parties and their attorney. All parties must complete, file and serve this form in accordance with Sonoma County Superior Court Rules, Rule 16. See Rule 16.3 for specific filing and service instructions.**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                          FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA |
|---|
| 600 ADMINISTRATION DRIVE, ROOM 107-J |
| SANTA ROSA, CALIFORNIA 95403-2878 |

| PLAINTIFF/PETITIONER: |
|---|
| DEFENDANT/RESPONDENT: |

| **STIPULATION AND ORDER REFERRING MATTER TO ALTERNATIVE DISPUTE RESOLUTION** | CASE NUMBER: |
|---|---|
| (Check one):  ☐ **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000)   ☐ **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

The parties hereby stipulate to refer the case to the following Alternate Dispute Resolution Process:

☐ Mediation  ☐ Non-binding Private Arbitration
☐ Binding Private Arbitration  ☐ Private Settlement Conference
☐ Early Neutral Evaluation  ☐ Judicial Arbitration

The ADR process will be conducted by (name of individual): _____

Provider's Address: _____

Provider's Telephone: _____  Fax: _____  E-mail address: _____
☐ No agreement

The ADR process will be conducted on (date): _____
☐ No agreement

☐  The parties have reached agreement as to the payment of fees of ADR provider.
☐  The parties have not reached agreement as to the payment of fees of ADR provider.

| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant | **(Date and Sign)** Attorney or party without attorney (Sign in blue ink) |
|---|---|
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant | **(Date and Sign)** Attorney or party without attorney (Sign in blue ink) |

☐  Additional signatures are attached

CV-7 (Rev. June 14, 2004)          STIPULATION AND ORDER REFERRING MATTER TO ADR

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

## <u>ORDER</u>

**A REVIEW HEARING IS SCHEDULED AS FOLLOWS:**

_____          _____
            Date                                                Time

All parties must appear at the Review Hearing.  In the event that the case is settled and a dismissal, a notice of settlement or a judgment is filed at least 3 court days before the scheduled Review Hearing, the Review Hearing will be dropped  and no one should appear. You must check the phone message at _____or go to http://www.SonomaSuperiorCourt.com/tentative/index.html where the tentative dispositions will be posted the day before you are scheduled to come to court to determine if you must appear.

*THE FIRST ATTORNEY OR PARTY LISTED  MUST FILE PROOF OF SERVICE OF A COPY OF THIS ORDER ON ALL PARTIES.*

_____          _____
            Date                                            JUDGE OF THE SUPERIOR COURT

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*

FOR COURT USE ONLY

TELEPHONE NO:  FAX NO *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

## CASE MANAGEMENT STATEMENT

(Check one): ☐ **UNLIMITED CASE**
(Amount demanded
exceeds $25,000)

☐ **LIMITED CASE**
(Amount demanded is $25,000
or less)

CASE NUMBER

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:  Time:  Dept.:  Div.:  Room:

Address of court *(if different from the address above):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified Information must be provided.

1. **Party or parties** *(answer one).*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint  *(describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4

Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial   *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a. ☐  The trial has been set for *(date):*
b. ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐  days *(specify number):*
b. ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
a.  Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐  The case has gone to an ADR process *(indicate status):*

| PLAINTIFF/PETITIONER: | | CM-110 |
|---|---|---|
| DEFENDANT/RESPONDENT: | CASE NUMBER: | |

10. d    The party or parties are willing to participate in *(check all that apply)*:
- (1) ☐ Mediation
- (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
- (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
- (4) ☐ Binding judicial arbitration
- (5) ☐ Binding private arbitration
- (6) ☐ Neutral case evaluation
- (7) ☐ Other *(specify)*:

e.    ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f    ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g.    ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

a.    ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b.    Reservation of rights:    ☐ Yes    ☐ No

c    ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy    ☐ Other *(specify)*:
Status:

**14. Related cases, consolidation, and coordination**

a.    ☐ There are companion, underlying, or related cases.
- (1) Name of case:
- (2) Name of court:
- (3) Case number:
- (4) Status:

☐ Additional cases are described in Attachment 14a.

b    ☐ A motion to    ☐ consolidate    ☐ coordinate    will be filed by *(name party)*:

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

CM-110 [Rev. January 1, 2007]    **CASE MANAGEMENT STATEMENT**    Page 3 of 4

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*:  ☐ none  ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| _____ | ▶ _____ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| _____ | ▶ _____ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached

# NOTICE

## SONOMA COUNTY SUPERIOR COURT
## CIVIL DIVISION PRO TEM JUDGE PROGRAM

This is to advise that the Civil Division's Pro Tem Judge Program is available to those civil litigants who wish to expedite trial by stipulating to the use of an attorney to serve as Pro Tem Judge. The court maintains a Pro Tem Judge panel, which consists of attorneys sworn by the Court and willing to serve in this capacity. Parties may stipulate to a trial by a Pro Tem Judge of their choice and may inform the Court of such a stipulation by contacting Connie Origer, the Pro Tem Judge Program Coordinator, at (707) 565-6430.

The Program offers three primary benefits to litigants: (1) the date and location of trial can often be scheduled by stipulation of the parties; (2) the trial will take place on the agreed date for trial, thus eliminating the need to trail other cases, and; (3) the trial can be scheduled for full days on a 5 day per week basis, thus shortening the time to try the case. The Program is available for both jury and court trials.

For cases that are tried in 5 days or less (9:00 a.m. to 5:00 p.m., jury or non-jury), the Pro Tem Judge serves at no cost to the parties. For trials that exceed 5 days in length, the parties and the Pro Tem Judge are obliged to agree to a daily fee, not to exceed $1,200 per day, for each full or partial day of trial beginning with the 6th day of trial. Additionally, the Court will charge the parties $656.72 for each day of trial for the Clerk and Court Reporter. The Court discourages the use of overtime and will charge an additional cost of $123.14 for each hour or portion thereof exceeding 8 hours in any day. The parties are also responsible for the payment of jury fees as in any other civil case. Cases in which there are fee waivers are eligible for the Program.

The Court is enthusiastic about this Program and urges all counsel to discuss the availability of the Program and the feasibility of its use with opposing counsel. Counsel must also obtain permission from clients to participation in the Program. To participate in the Program, contact Ms. Origer as soon as possible to discuss trial dates. Ms. Origer will generate and mail all required stipulations and orders with respect to the Program. Parties may obtain additional information on this program by contacting Ms. Origer or by reviewing the court's website at www.sonomasuperiorcourt.com.

Plaintiff is ordered to serve this Notice on all parties and to certify by proof of service filed with the Court that such service has been accomplished within 60 days of the filing of the Complaint.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name & Address*): | *FOR COURT USE ONLY* |
|---|---|
| Telephone No.:                    FAX No.:<br><br>ATTORNEY FOR (Name):                    Bar No. | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>600 Administration Drive<br>Santa Rosa, CA  95403<br>Telephone:  (707) 521-6500 | |
| PLAINTIFF(S)/PETITIONER(S): | |
| DEFENDANT(S)/RESPONDENT(S): | CASE NUMBER: |

## NOTICE OF SELECTION AS MEDIATOR IN COURT-CONNECTED MEDIATION
### (Sonoma County Superior Court Local Rule 16)

Name of Mediator Selected: _____

PLEASE TAKE NOTICE that the above-referenced matter is subject to Sonoma County Superior Court Local Rule 16 (Rules Applicable to Alternative Dispute Resolution (ADR)). The parties have selected you to serve as the mediator in this matter. Sonoma County Superior Court has a voluntary, market rate mediation program. All mediations conducted in cases covered by Local Rule 16 are court-connected mediations and are subject to the provisions of California Rules of Court, Rules 3.850 et seq. It is your obligation to familiarize yourself with Local Rule 16 and California Rules of Court, Rules 3.850 et seq. before the mediation  PLEASE NOTE:  you are required to have the parties complete an Attendance Sheet for Court-Program Mediation of Civil Case (Alternative Dispute Resolution) (Judicial Council form ADR-107) in accordance with California Rules of Court Rule 3.860  The form is available at the web site of the California Courts www.courtinfo.ca.gov

If you are *not* a member of the Sonoma County Superior Court panel of mediators, in order to serve as mediator in this case, you must complete the acceptance below (see CRC Rule 3.851(a) (2)), sign it in the space provided, and file the completed Notice *with your original signature* with the Court not less than five days before commencement of the mediation. Please also provide a courtesy copy of the completed and signed Notice to the ADR Program Coordinator, 1450 Guerneville Road, Building G, Santa Rosa, California 95403 or by facsimile transmission to (707) 565-7059.

If you are mediating a case referred to court-connected mediation during calendar year 2007, regardless of the date of the mediation, you are required to complete and return a Mediator's Questionnaire (Sonoma County Superior Court Local form CV-36) within five (5) days after completion or other termination of the mediation. The completed questionnaire may be mailed or faxed to ADR Program Coordinator at the above address or FAX number. The plaintiff should provide the Mediator's Questionnaire to you. The questionnaire is also available on the web site of the Sonoma County Superior Court www.sonomasuperiorcourt.com.

If you have any questions regarding your selection or service as a mediator in this matter or about the Sonoma County Superior Court ADR Program, please feel free to contact the ADR Program Coordinator at (707) 565-7000 or ADR@sonomacourt.org.

## MEDIATOR'S ACCEPTANCE

I, _____ hereby agree to mediate the above-captioned matter subject to
              (print name)

the conditions stated in this notice.


Dated: _____          _____
                                                    (Mediator's Signature)



UNITED WE STAND

LAW OFFICES OF
**KENNETH W. TURNER**
2057 FOREST AVENUE, SUITE 3
CHICO, CALIFORNIA 95928

Hamilton Beach / Proctor-Silex Inc.
4421 Water Front Drive
Glen Allen, VA 23060

# EXHIBIT "B"

1  BOWMAN AND BROOKE LLP
   Edgar J. Gutierrez (SBN 189011)
2  879 West 190th Street, Suite 700
   Gardena, California 90248-4227
3  Telephone: (310) 768-3068
   Facsimile: (310) 719-1019
4

ENDORSED
FILED

DEC 2 8 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

5  Attorneys for Defendant, HAMILTON BEACH BRANDS, INC., incorrectly sued and
6  served as HAMILTON BEACH/PROCTOR-SILEX, INC.

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF SONOMA

10

11 FIRE INSURANCE EXCHANGE,               ) CASE NO. SCV-241820
                                          )
12              Plaintiff,                ) Judge: Hon. Knoel L. Owen
                                          ) Dept.:  "18"
13 vs.                                    )
                                          )
14                                        ) DEFENDANT HAMILTON BEACH
15 HAMILTON BEACH/PROCTOR-SILEX,          ) BRANDS, INC., INCORRECTLY SUED
   INC., and DOES 1 through 10, inclusive,) AND SERVED AS HAMILTON
16                                        ) BEACH/PROCTOR-SILEX, INC.'S
              Defendants.                 ) ANSWER TO PLAINTIFF FIRE
17                                        ) INSURANCE EXCHANGE'S
   _____) COMPLAINT; DEMAND FOR JURY
18                                          TRIAL
19
20                                          Action Filed: 11/8/07
                                            Trial Date:   None
21       Defendant Hamilton Beach Brands, Inc., incorrectly sued and served as
22 Hamilton Beach/Proctor-Silex, Inc. ("Hamilton Beach") for itself alone and for no other
23 parties, answers plaintiff Fire Insurance Exchange's form Complaint on file, as follows:
24       Under the provisions of Section 431.30(d) of the California Code of Civil
25 Procedure, Hamilton Beach denies each and every allegation of plaintiff's Complaint,
26 both specifically and generally, denies each and every cause of action contained in
27 plaintiff's Complaint, and further denies that plaintiff was damaged in any sum or sums,
28 or at all.

L435290                                 1
DEFENDANT HAMILTON BEACH BRANDS, INC., INCORRECTLY SUED AND SERVED AS HAMILTON
BEACH/PROCTOR-SILEX, INC.'S ANSWER TO PLAINTIFF FIRE INSURANCE EXCHANGE'S 5 12/27/07
COMPLAINT; DEMAND FOR JURY TRIAL

1

## FIRST AFFIRMATIVE DEFENSE

2

### (Failure to State a Cause of Action)

3      1.      Plaintiff's Complaint fails to state facts sufficient to constitute a cause of

4   action against Hamilton Beach.

5

## SECOND AFFIRMATIVE DEFENSE

6

### (Statute of Limitations)

7      2.      Hamilton Beach is informed and believes, and on that basis alleges that

8   plaintiff is barred from bringing this claim by the statutes of limitations contained in

9   California Commercial Code, Section 2725 and California Code of Civil Procedure,

10  Section 337.

11

## THIRD AFFIRMATIVE DEFENSE

12

### (Comparative Fault)

13     3.      Hamilton Beach is informed and believes, and on that basis alleges that if

14  any damages were sustained by plaintiff, those damages were proximately caused or

15  contributed to by the negligence or otherwise culpable conduct of plaintiff, plaintiff's

16  insured, and others whose conduct is imputable to plaintiff and therefore, any recovery

17  by plaintiff must be reduced by the proportion of said negligence or otherwise culpable

18  conduct contributing directly and proximately to the damages alleged in the Complaint.

19

## FOURTH AFFIRMATIVE DEFENSE

20

### (Third Party Liability)

21     4.      Hamilton Beach is informed and believes, and on that basis alleges that if

22  any damages were sustained by plaintiff, those damages were proximately caused or

23  contributed to by the fault or otherwise culpable conduct of individuals or entities other

24  than Hamilton Beach, and therefore, said negligence or otherwise culpable conduct

25  comparatively reduces the percentage of fault or otherwise culpable conduct, if any, of

26  Hamilton Beach, and Hamilton Beach is entitled to indemnification and/or contribution

27  from these other individuals or entities.

28  / / /

### FIFTH AFFIRMATIVE DEFENSE

#### (Fair Responsibility Act)

5.    Hamilton Beach is informed and believes, and on that basis alleges that Hamilton Beach's liability, if any, may be limited pursuant to California Civil Code, Section 1431 et seq., and that any damages awarded to plaintiff against Hamilton Beach should be accordingly reduced.

### SIXTH AFFIRMATIVE DEFENSE

#### (Intervening/Superseding Actions)

6.    Hamilton Beach is informed and believes, and on that basis alleges that the damages allegedly sustained by plaintiff, if any, were the direct and proximate result of the intervening and superseding actions of third parties, whether named or unnamed, and not Hamilton Beach.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Alteration/Modification of Product)

7.    Hamilton Beach is informed and believes, and on that basis alleges that the product referred to in plaintiff's Complaint was altered and/or modified after being placed in the stream of commerce in a manner which was not reasonably foreseeable to Hamilton Beach.  That alteration and/or modification caused or contributed to the happening of the alleged incident and to plaintiff's damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Misuse/Abuse of Product)

8.    Hamilton Beach is informed and believes, and on that basis alleges that plaintiff, its insured, and others whose conduct is imputable to plaintiff, misused, abused and improperly cared for or maintained the product referenced in plaintiff's Complaint, contrary to the manufacturer's instructions, approval or consent, and plaintiff's damages, if any, were proximately caused by such abuse, improper maintenance, and neglect of the product.

/ / /

DEFENDANT HAMILTON BEACH BRANDS, INC., INCORRECTLY SUED AND SERVED AS HAMILTON BEACH/PROCTOR-SILEX, INC.'S ANSWER TO PLAINTIFF FIRE INSURANCE EXCHANGE'S COMPLAINT; DEMAND FOR JURY TRIAL

## NINTH AFFIRMATIVE DEFENSE

### (State-of-the-Art)

9.    Hamilton Beach is informed and believes, and on that basis alleges that at the time the product referred to in plaintiff's Complaint was sold and delivered, it comported with the state of the art at the time of manufacture.

## TENTH AFFIRMATIVE DEFENSE

### (Economic Loss Doctrine)

10.    Hamilton Beach is informed and believes, and on that basis alleges that plaintiff's tort claims may be barred in whole or in part by the "economic loss" doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Inapplicability of Strict Liability)

11.    Hamilton Beach is informed and believes, and on that basis alleges that strict liability is unavailable as a basis for a recovery of plaintiff's alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

12.    Hamilton Beach is informed and believes, and on that basis alleges that plaintiff, its insured, or others whose conduct is imputable to plaintiff made no effort or attempt to mitigate their damages.  Any damages awarded to plaintiff should be reduced accordingly.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Preserve Evidence/Spoliation)

13.    Hamilton Beach is informed and believes, and on that basis alleges that plaintiff's claims are barred in whole or in part because plaintiff, its insured, or their attorneys and representatives, knew of the existence or likelihood of litigation and spoliated or failed to preserve crucial evidence.  Hamilton Beach asserts that it will, at the appropriate time, seek one or more specific remedies against plaintiff, including but not limited to, an adverse inference jury instruction, exclusion or claims or evidence and, outright dismissal of plaintiff's Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Warranty Exclusions)

14.    Hamilton Beach is informed and believes, and on that basis alleges that the damages asserted in plaintiff's Complaint were not the result of any defect in material or workmanship in the product described in plaintiff's Complaint.  Specifically, Hamilton Beach asserts that after appropriate discovery, one or more of the stated specific warranty exclusions may be applicable.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Proper Notice)

15.    Hamilton Beach is informed and believes, and on that basis alleges that plaintiff is barred from maintaining an action for breach of warranty because plaintiff failed to give proper notice to Hamilton Beach within reasonable time after plaintiff, plaintiff's insured, or others whose conduct is imputable to plaintiff, discovered, or should have discovered, such alleged breach of warranty.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Limited Warranty)

16.    Hamilton Beach is informed and believes, and on that basis alleges that by the terms of the limited warranty for the product at issue, Hamilton Beach is not liable for any incidental or consequential damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

17.    Hamilton Beach is informed and believes, and on that basis alleges that there is a lack of privity for express and implied warranties between itself and plaintiff and/or plaintiff's insured.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

18.    Hamilton Beach is informed and believes, and on that basis alleges that plaintiff, plaintiff's insured or others whose conduct is imputable to the plaintiff,

1  knowingly, voluntarily and freely placed themselves in an unsafe and dangerous
2  position, and therefore assumed all resulting risks of injuries at the time and placed
3  alleged in plaintiff's Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Compliance with Warranty)

19.    Hamilton Beach is informed and believes, and on that basis alleges that plaintiff is barred from maintaining any action for breach of warranty because the product referred to in the Complaint met or exceeded any and all applicable warranties.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Additional Warnings)

20.    Hamilton Beach is informed and believes, and on that basis alleges that no additional warnings would have, or could have, prevented the incident, injuries, damages and losses alleged in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Alternate Warnings)

21.    Hamilton Beach is informed and believes, and on that basis alleges that no different or alternative warnings would have, or could have, prevented the incident, injuries, damages and losses alleged in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Expiration of Implied Warranties)

22.    Hamilton Beach is informed and believes, and on that basis alleges that the subject product identified in plaintiff's Complaint was over 1 year old and by operation of law, implied warranties expire after one year.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Additional Affirmative Defenses Reserved Pending Discovery)

23.    Hamilton Beach is informed and believes, and on that basis alleges that it may have other as yet unknown affirmative defenses. Specifically, Hamilton Beach asserts that after appropriate factual discovery, one or more of these as yet

DEFENDANT HAMILTON BEACH BRANDS, INC., INCORRECTLY SUED AND SERVED AS HAMILTON
BEACH/PROCTOR-SILEX, INC.'S ANSWER TO PLAINTIFF FIRE INSURANCE EXCHANGE'S
COMPLAINT; DEMAND FOR JURY TRIAL

1  undiscovered affirmative defenses may be applicable.    At the appropriate time,

2  Hamilton Beach will move to amend this Answer to state any additionally discovered

3  affirmative defenses.

4         WHEREFORE, Defendant Hamilton Beach Brands, Inc. prays as follows:

5         1.    For dismissal of the Complaint, with prejudice;

6         2.    For judgment in favor of defendant Hamilton Beach Brands, Inc. and

7               against plaintiff;

8         3.    For the costs of suit; and,

9         4.    For such other and further relief as the Court may deem just and proper.

10

11  Dated: December 27, 2007               BOWMAN AND BROOKE LLP

12

13                                  By: _____

14                                      Edgar J. Gutierrez
                                        Attorney for Defendant, HAMILTON
15                                      BEACH BRANDS, INC., incorrectly
                                        sued and served as HAMILTON
16                                      BEACH/PROCTOR-SILEX, INC.

17

18

19

20

21

22

23

24

25

26

27

28

L435290

7

DEFENDANT HAMILTON BEACH BRANDS, INC., INCORRECTLY SUED AND SERVED AS HAMILTON
BEACH/PROCTOR-SILEX, INC.'S ANSWER TO PLAINTIFF FIRE INSURANCE EXCHANGE'S
COMPLAINT; DEMAND FOR JURY TRIAL

1

### JURY DEMAND

2      Hamilton Beach Brands, Inc. hereby demands a jury trial.

3

4   DATED:  December **22**, 2007              BOWMAN AND BROOKE LLP

5

6                                    By:

7                                          Edgar J. Gutierrez
                                           Attorney for Defendant, HAMILTON
8                                          BEACH BRANDS, INC., incorrectly
                                           sued and served as HAMILTON
9                                          BEACH/PROCTOR-SILEX, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT HAMILTON BEACH BRANDS, INC., INCORRECTLY SUED AND SERVED AS HAMILTON
BEACH/PROCTOR-SILEX, INC.'S ANSWER TO PLAINTIFF FIRE INSURANCE EXCHANGE'S
COMPLAINT: DEMAND FOR JURY TRIAL

1

## PROOF OF SERVICE

2

CCP 1013A(3) (Revised 5/1/88)

3

*STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

4

I am employed in the County of Los Angeles, State of California. I am over the age of 18

5

and not a party to the within action; my business address is 879 West 190th Street, Suite 700, Gardena, CA 90248-4227.

6

On December **27**, 2007, I served the foregoing document described as **DEFENDANT**

7

**HAMILTON BEACH BRANDS, INC.'S ANSWER TO PLAINTIFF FIRE INSURANCE EXCHANGE'S COMPLAINT; DEMAND FOR JURY TRIAL** on all interested parties in

8

this action by placing **a true copy** thereof enclosed in sealed envelopes addressed as follows:

9

10

### SEE ATTACHED SERVICE LIST

11

(X)    BY MAIL (CCP §1013(a) and §2015.5)

12

( )    BY OVERNIGHT DELIVERY (CCP §1013(c) and §2015.5)

13

( )    BY FACSIMILE (CRC 2.306 and CCP §2015.5): The document(s) were

14

transmitted by facsimile transmission to each of the parties at the facsimile number(s) listed on the attached service list and the transmission(s) reported as complete and

15

without error. The facsimile machine I used complied with the California Rules of Court, Rule 2.306(g) and I printed a record of the transmission(s), a copy of which is attached

16

to the original of this declaration.

17

( )    BY PERSONAL SERVICE (CCP §1011 and §2015.5): I delivered such envelope by hand to the addressee.

18

**(X)** As follows: I am "readily familiar" with the firm's practice of collection and processing

19

documents for mailing. Under the practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of

20

business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than **1** day after date of deposit for

21

mailing in affidavit.

22

Executed on December **27**, 2007, at Gardena, California.

23

**(X)** (State)  I declare under penalty of perjury under the laws of the State of California that

24

the above is true and correct.

25

( ) (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

26

27

Samie Long

28

DEFENDANT HAMILTON BEACH BRANDS, INC., INCORRECTLY SUED AND SERVED AS HAMILTON BEACH/PROCTOR-SILEX, INC.'S ANSWER TO PLAINTIFF FIRE INSURANCE EXCHANGE'S COMPLAINT; DEMAND FOR JURY TRIAL

## SERVICE/MAILING LIST

### Fire Insurance Exchange v. Hamilton Beach Brands, Inc.
Sonoma County Superior Court Case No.: SCV-241820

Kenneth W. Turner, Esq.
LAW OFFICES OF KENNETH W. TURNER
2057 Forest Avenue, Suite 3
Chico, California 95928

**Attorneys for FIRE INSURANCE EXCHANGE**

Tel:    (530) 898-0774
Fax:    (530) 898-0775

L432800

# EXHIBIT "C"

RECEIVED

FEB 1 5 2008

BOWMAN & BROOKE, LLP
LOS ANGELES

```
1   Kenneth W. Turner, Esq. SB# 100393
    LAW OFFICES OF KENNETH W. TURNER
2   ... Forest Avenue, Suite 3
    Chico, California 95928
3   Telephone:  (530) 898-0774
    Facsimile:  (530) 898-0775
4
    Attorney for Plaintiff,
5   FIRE INSURANCE EXCHANGE

6

7

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF SONOMA

10  FIRE INSURANCE EXCHANGE          )
                                     )      Case No. SCV-241820
11           Plaintiff,              )
                                     )
12                                   )      RESPONSES TO FORM
                                     )      INTERROGATORIES
13  vs.                              )
                                     )      (SET ONE)[served 12/27/07]
14  HAMILTON BEACH/PROCTOR SILEX,    )
    et al.                           )
15                                   )
             Defendants.             )
16  _____/

17

18  PROPOUNDING PARTY    :   Defendant, HAMILTON BEACH BRANDS, INC.

19  RESPONDING PARTY     :   Plaintiff, FIRE INSURANCE EXCHANGE

20  SET NO.              :   One (1), served 12/27/07

21                    PRELIMINARY STATEMENT

22       Responding party is presently pursuing its investigation and

23  analysis of the facts and law relating to this case and has not yet

24  completed their discovery nor their preparations for trial.

25  Therefore, the response(s) set forth herein are given without

26  prejudice to responding party's rights to produce evidence of any

27  subsequent facts or interpretations thereof or to add, modify, or

28  _____
                                     1
       RESPONSES TO FORM INTERROGATORIES OF HAMILTON BEACH BRANDS, INC. (SET 1)
```

S-2/12/08

1   otherwise change or amend the response(s) herein. The information
2   hereinafter set forth is true and correct to the best knowledge of
3   responding party as of this date and is subject to correction for
4   inadvertent errors, mistakes, or omissions, if any such errors,
5   mistakes, or omissions exist. These responses are based upon
6   records and information presently available to responding party.
7   References in a response to a preceding or subsequent response
8   incorporates both the information and the objections set forth in
9   the referenced response.

10      Responding party reserves the right to introduce at trial any
11  and all documents or information heretofore or hereafter produced
12  or obtained by the party in this action or by any third person (1)
13  that supports responding party's contentions at trial, or (2) are
14  in support of or opposition to any motion in this case. To the
15  extent that responding party identify certain documents   or
16  delineate facts contained within any document, they do so without
17  prejudice to establish at a later date any additional facts that
18  may be contained within or discovered as a result of subsequent
19  review of such documents or as a result of any additional
20  investigation and discovery.

21      Inadvertent identification or production of privileged
22  documents or information by responding parties does not constitute
23  a waiver of any applicable privilege, nor does production of any
24  documents   or   information   waive   any   objections,   including
25  irrelevancy, to the admission of such documents and evidence.

26      Subject to the foregoing preliminary statement applicable to
27  all request(s), responding party will respond to those non-
28

RESPONSES TO FORM INTERROGATORIES OF HAMILTON BEACH BRANDS, INC. (SET 1)

1  objectionable requests which pertains to the subject of this

2  litigation as follows:

3  ANSWER TO INTERROGATORY NO. 1.1:

4  Kenneth W. Turner, Esq.
   LAW OFFICES OF KENNETH W. TURNER
5  2057 Forest Avenue, Suite 3
   Chico, California 95928
6  Telephone: (530) 898-0774

7

8  ANSWER TO INTERROGATORY NO. 3.1:

9  A)   Fire Insurance Exchange is not a corporation.  It is a
        reciprocal or inter-insurance exchange organized and existing
10       under the laws of the State of California.

11 B)   Fire Insurance Exchange is one of a number of companies to do
        business under the name and style of Farmers. Discovery is
12       continuing.

13 C)   Discovery is continuing.

14 D)   18444 N. 25th Avenue
        Phoenix, Arizona 85038

15
16 E)   Qualified to do business in California.

   ANSWER TO INTERROGATORY NO. 3.2:
17
   N/A.
18
   ANSWER TO INTERROGATORY NO. 3.3:
19
   N/A.
20
   ANSWER TO INTERROGATORY NO. 3.4:
21
   N/A.
22
   ANSWER TO INTERROGATORY NO. 3.5:
23
   N/A.
24
   ANSWER TO INTERROGATORY NO. 3.6:
25
   N/A.
26
   ANSWER TO INTERROGATORY NO. 3.7:
27
28
   _____
                                3
   RESPONSES TO FORM INTERROGATORIES OF HAMILTON BEACH BRANDS, INC. (SET 1)

1  N/A.

2  ANSWER TO INTERROGATORY NO. 4.1:

3  A)    Protector Plus Homeowners policy

4  B)    Fire Insurance Exchange
5        18444 N. 25th Avenue
       Phoenix, Arizona 85038
       Telephone: (888) 991-1179
6
7  C)    Maria Flores

8  D)    96-0921737117

9  E)    Coverage A Dwelling                $215,000.00
       Coverage B Separate Structures    $ 21,500.00
10       Coverage C Personal Property      $161,250.00
       Coverage D - Loss of Use/ALE      $107,500 for up to 12
11                                         months
       Code upgrades 10% of Coverage A   $21,500.00 (sub-limit of
12                                         "Dwelling")
       Deductible $1,000.00
13
   F)    No.
14
   G)    Fire Insurance Exchange
15       18444 N. 25th Avenue
       Phoenix, Arizona 85038
16       Telephone: (888) 991-1179

17  Discovery is continuing.

18  ANSWER TO INTERROGATORY NO. 4.2:

19  No.

20  ANSWER TO INTERROGATORY NO. 7.1:

21  A)    Building and Contents.

22  B)    Generalized damage to the building and contents.

23  C)    Total pay out is $204,367.53.
       Building: $92,408.74
24       Contents: $70,187.75
       Additional Living Expense: $41,771.04
25       Deductible: $1,000.00

26  D)    N/A.

27  Discovery is continuing.

28  _____

RESPONSES TO FORM INTERROGATORIES OF HAMILTON BEACH BRANDS, INC. (SET 1)

ANSWER TO INTERROGATORY NO. 7.2:

A)   See estimates listed on Exhibit A for a complete listing of all persons who have prepared estimates and the date on which prepared.

B)   Kenneth W. Turner
     LAW OFFICES OF KENNETH W. TURNER
     2057 Forest Avenue, Suite 3
     Chico, California 95928
     Telephone: (530) 898-0774

C)   See Exhibit A for a complete listing of the amount of each estimate.

ANSWER TO INTERROGATORY NO. 7.3:

The property has been repaired or cleaned as per the documentation attached hereto.  Discovery is continuing.

ANSWER TO INTERROGATORY 9.1

Insured's deductible of $1000. Discovery is continuing.

ANSWER TO INTERROGATORY 9.2

Documents which refers to the insureds' deductible.
Kenneth W. Turner, Esq.
LAW OFFICES OF KENNETH W. TURNER
2057 Forest Avenue, Suite 3
Chico, California 95928
Telephone: (530) 898-0774

ANSWER TO INTERROGATORY 12.1:

A)   Objected to as vague and ambiguous as to the meaning of the phrase " ... events occurring immediately before or after the incident;..."   Furthermore, it is overbroad as to time. Without waiving the objections, and limiting the time frame to a period 12 hours after the fire was discovered, plaintiff is informed and believes that its insured was not home at the time of the fire's outbreak and that a neighbor called the fire department.

B)   Objected to as overbroad as to time.  Without waiving the objection, and limiting the time frame to a period 12 hours after the fire was discovered, Plaintiff does not know precisely what  its insured said to her neighbors and the responding firefighters upon returning home and seeing the fire but presumes that some comments were made.

C)   Objected to as overbroad as to time. Without waiving the objection, and limiting the time frame to a period 12 hours after the fire was discovered, Plaintiff does not know precisely what its insured said to her neighbors and the responding firefighters upon returning home and seeing the fire but presumes that some comments were made but does not know who heard some comments.

To the extent that this interrogatory seeks to discover communications made by its insured to witnesses protected under CCP Section 2034.210, et seq., this interrogatory seeks to invade the attorney work product and attorney client privileges.

D)   Objected to as overbroad as to the meaning of the phrase "... has knowledge of the incident" both as to time and scope because it contemplates each and every person who has inspected the home, performed services on the home or has worked on the claim. Without waiving the objections, and without disclosing those persons who are covered by Code of Civil Procedure Section 2034.210, et seq., and without disclosing privileged communications or writings between plaintiff and its counsel, plaintiff responds: see Exhibit A for a listing of the persons who responded to the fire scene and who performed services or provided goods for the restoration and repair of plaintiff's insured's damaged home.

Investigation and discovery are continuing.

ANSWER TO INTERROGATORY 12.2:

Objection. This interrogatory violates Attorney-Client Privilege and Work Product Rule protections.

ANSWER TO INTERROGATORY 12.3:

Objection. This interrogatory violates Attorney-Client Privilege and Work Product Rule protections.

ANSWER TO INTERROGATORY 12.4:

Objection. This interrogatory violates Attorney-Client Privilege and Work Product Rule protections. Without waiving the objection, photographs were taken by persons who are covered under CCP Sections 2034.210-2034.310. Without waiving the objection, photographs of the fire scene and of the toaster have been taken by witnesses covered under CCP Sections 2034.210-2034.310. No such privileged photographs will be produced at this time.

RESPONSES TO FORM INTERROGATORIES OF HAMILTON BEACH BRANDS, INC. (SET 1)

1    In addition, 62 non-privileged photographs of the fire scene
were taken by an employee of FIE.  Black and white photocopies of
2    those photographs will be produced in response to the Request for
Production.
3
E)    Kenneth W. Turner
4    LAW OFFICES OF KENNETH W. TURNER
2057 Forest Avenue, Suite 3
5    Chico, California 95928
Telephone: (530) 898-0774
6
Gary Jantzen
7    FIRE INSURANCE EXCHANGE
18444 North 25th Avenue
8    Phoenix, Arizona 85023
Phone: (602) 293-4783
9
ANSWER TO INTERROGATORY 12.5:
10
Objected to as seeking to invade the attorney client and
11    attorney work product privileges to the extent that this seeks a
part of the privileged cause & origin report.  Without waiving the
12    objection, and without reference to any such privileged diagrams,
yes.
13

14    A)    There are non-privileged diagrams which are part of the
estimates prepared for the damage.  See Exhibit A to the
15    response to Request for Production of documents for a list of
those non-privileged documents which include a diagram.
16

17    B)    The building

18    C)    Gary Jantzen
FIRE INSURANCE EXCHANGE
19    18444 North 25th Avenue
Phoenix, Arizona 85023
20    Phone: (602) 293-4783

21    ANSWER TO INTERROGATORY 12.6:

22    A)Objected to as vague and ambiguous as to the meaning of the
phrase " ... report made by any PERSON concerning the INCIDENT."
23    Without waiving the objection, and assuming this question means a
report to a governmental entity such as a fire department,
24    plaintiff responds: plaintiff is informed and believes that the
fire department was called by plaintiff's insured's neighbor.
25
ANSWER TO INTERROGATORY 12.7:
26

27

28
_____
7
RESPONSES TO FORM INTERROGATORIES OF HAMILTON BEACH BRANDS, INC. (SET 1)

1    Objection. This interrogatory is overbroad as to time.
2    Furthermore, it is vague and ambiguous as to the meaning of the
3    phrase "inspected." Furthermore, it violates Attorney-Client
4    Privilege and Work Product Rule protections as to witnesses covered
5    by CCP Sections 2034.210, et seq. Without waiving the objections,
6    plaintiff responds:  In connection with the clean up and repair
7    work, it was necessary for various persons and entities to
8    "inspect" the scene of the incident. Furthermore, an employee or
9    agent of FIE was at the scene and took the 60 photographs which are
10   produced in response to the Request for Production.

11   ANSWER TO INTERROGATORY 13.1:
12     No.  Discovery is continuing.

13   ANSWER TO INTERROGATORY 13.2:
14     N/a.  Discovery is continuing.

15   ANSWER TO INTERROGATORY 14.1:
16     California Civil Procedure Section § 1714

17   ANSWER TO INTERROGATORY 14.2:
18     No. Discovery is continuing.

19   ANSWERS TO INTERROGATORY NO. 17.1

20   (A)   Requests No. 1 through 22:

21   (B)   Objected to as seeking to invade matters protected by the
22         attorney client and attorney work product privileges to the
           extent that it seeks privileged cause & origin reports.
23         Without waiving the objections, and replying only as to the
           underlying, foundational facts, plaintiff responds that based
24         upon underlying, foundational facts:

25         The TOASTER malfunctioned, causing the fire.
           :    The TOASTER had been electrically powered at an early
                stage of the fire incident.
26         :.   The fire started within the TOASTER unit.  This is shown
                by:

27
28
───────────────────────────────────────────────────
RESPONSES TO FORM INTERROGATORIES OF HAMILTON BEACH BRANDS, INC. (SET 1)

1          a) the unique arc damage  found within the TOASTER associated with one pair of switch contacts and one section of the bread wells,  which would not have existed if the TOASTER had burned in a fire caused by some other source in the kitchen; and

3          b) there was arcing at the switch contacts within the TOASTER before there was arcing at the power cord under and protected by the TOASTER unit.

          :      There was melt damage on the remnants of one set of switch contacts which indicates electrical arcing caused by either a) bread being stuck and failure of the heating unit to turn off; or b)  malfunction of the switch.

(C)   Objected to as seeking to invade matters protected by the attorney client and attorney work product privileges in that this interrogatory seeks the identity of plaintiff's experts and consultants and the results of their work which include, but are not limited to privileged cause & origin reports and photographs.

(D)   Objected to as seeking to invade matters protected by the attorney client and attorney work product privileges in that this interrogatory seeks the identity of plaintiff's experts and consultants and the results of their work which include, but are not limited to privileged cause & origin reports and photographs.

(A)   Request No. 23:

(B)   Plaintiff had no control over the fire scene during the time that the Glen Ellen Fire Department was fighting the fire. Plaintiff's first notice of the fire was sometime between the date of the fire (February 15, 2007) and February 19, 2007.   As result of the conscious decision of Hamilton Beach in the design and manufacture of its product to not identify its products with non-flammable labels, plaintiff was required to have the product inspected by an expert in product identity. As soon as the product was identified as defendant's product, defendant was put on notice of the claim. Because of the inherent time lapse between the fire and the ability to identify the product, based upon defendant's failure to properly mark its products, plaintiff had no ability to maintain the scene without the risk to the public health and safety. Scene photographs were taken and have been provided to defendant.

(C)   The firefighters have knowledge of their actions during the fire suppression.  The exact names and titles of those fire fighters is equally available to defense counsel by a review of the Glen Ellen Fire Department report.

---

9

RESPONSES TO FORM INTERROGATORIES OF HAMILTON BEACH BRANDS, INC. (SET 1)

(D)  None known at this time, other than the Fire Department report.

(A)  Request No. 24:

(B)  Plaintiff has been informed and believes that Ms. Flores purchased the TOASTER from a retailer who supplied the HAMILTON BEACH BRANDS, INC. TOASTER.

(C)  Mrs. Maria Flores.

(D)  Unknown at this time, investigation and discovery are continuing.

(A)  Request No. 25:

(B)  Plaintiff does not presently know what there applicable standards promulgated by Underwriter's Laboratory were for this TOASTER.  Investigation and discovery are continuing. However, plaintiff believes that the Underwriter's Laboratory standards do not apply for a toaster to cause a fire.

(C)  Objected to as seeking to invade the attorney client and attorney work product to the extent that it seeks privileged expert opinions.  Without waiving the objection, and responding only as to persons not covered by CCP Section 2034.210, et. seq., unknown at this time.  Investigation and discovery are continuing.

(D)  Objected to as seeking to invade the attorney client and attorney work product to the extent that it seeks privileged expert opinions.  Without waiving the objection, and responding only as to persons not covered by CCP Section 2034.210, et. seq., unknown at this time.  Investigation and discovery are continuing.

(A)  Request NO. 26:

(B)  Plaintiff does not presently know what there applicable standards promulgated by American National Standards Institute were for this TOASTER.  Investigation and discovery are continuing.  However, plaintiff believes that the American National Standards Institute standards do not apply for a toaster to cause a fire.

(C)  Objected to as seeking to invade the attorney client and attorney work product to the extent that it seeks privileged expert opinions.  Without waiving the objection, and

RESPONSES TO FORM INTERROGATORIES OF HAMILTON BEACH BRANDS, INC. (SET 1)

1    responding only as to persons not covered by CCP Section
2    2034.210, et. seq., unknown at this time.  Investigation and
     discovery are continuing.

3  (D)  Objected to as seeking to invade the attorney client and
4       attorney work product to the extent that it seeks privileged
        expert opinions.  Without waiving the objection, and
5       responding only as to persons not covered by CCP Section
6       2034.210, et. seq., unknown at this time.  Investigation and
        discovery are continuing.

7  (A)  Request no. 27:

8  (B)  Objected to as vague and ambiguous as to the meaning of the
9       phrase "in use at the time of the incident" but assuming
        this means was the TOASTER receiving electrical energy that
10      morning, plaintiff is informed and believes that the TOASTER
        had been electrically powered early in the fire stage.

11 (C)  Objected to as seeking to invade the attorney client and
12      attorney work product in that it relates to witnesses
        covered by CCP Section 2034.210 et. seq.

13 (D)  Objected to as seeking to invade the attorney client and
14      attorney work product in that it relates to witnesses and
        documents covered by CCP Section 2034.210 et. seq.

15
16 (A)  Request NO. 28:

17 (B)  Plaintiff is unaware of any prior complaints of malfunction.
        Investigation and discovery are continuing.

18
   (C)  Maria Flores
19
   (D)  None known.  Investigation and discovery are continuing.
20
21 (A)  Request no. 30

22 (B)  Objected to as seeking to invade the Plaintiff does not know
        whether the TOASTER, when manufactured, it comported with
23      the 'state of the art.'  Furthermore, Plaintiff does not
        know what defendant intends as the definition of 'state of
24      the art.'

25 (C)  Objected to as seeking to invade the attorney client and
26      attorney work product to the extent that it seeks privileged
        expert opinions.  Without waiving the objection, and
27      responding only as to persons not covered by CCP Section

28
   ────────────────────────────────────────────
                            11
   RESPONSES TO FORM INTERROGATORIES OF HAMILTON BEACH BRANDS, INC. (SET 1)

1    2034.210, et. seq., unknown at this time.  Investigation and
2    discovery are continuing.

3    (D)    Objected to as seeking to invade the attorney client and
       attorney work product to the extent that it seeks privileged
4      expert opinions.  Without waiving the objection, and
       responding only as to persons not covered by CCP Section
5      2034.210, et. seq., unknown at this time.  Investigation and
       discovery are continuing.

6

7    DATED: February 7, 2008              LAW OFFICES OF KENNETH W. TURNER

8    _____

9                                        Kenneth W. Turner, Attorney for
                                         Plaintiff, FIRE INSURANCE EXCHANGE
10

11
     *Verifications to follow under separate cover.*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     _____
                                    12
     RESPONSES TO FORM INTERROGATORIES OF HAMILTON BEACH BRANDS, INC. (SET 1)

1  Re:    <u>FIRE INSURANCE EXCHANGE v. HAMILTON BEACH/PROCTOR-SILEX, INC., and DOES 1 to</u>
          <u>10, inclusive</u>
2         Sonoma County Case No.: SCV-241820
          Our File No. : 400.1766
3
                              **PROOF OF SERVICE**
4
          I am a citizen of the United States and am employed in Butte County, California.  I am over
5  the age of eighteen (18) years and not a party to the within action; my business address is 2057 Forest
   Avenue, Suite 3, Chico, California; on this date I served the following:
6
7               **Fire Insurance Exchange's Responses to Form Interrogatories, set one**
                            **propounded by Hamilton Beach Brands, Inc.**
8

9   __XX__  **BY MAIL** on the interested parties in said action by depositing for collection and mailing,
   following ordinary business practices, by placing a copy thereof in an envelope addressed to each of
10 the persons named below at the address set out below enclosed in a sealed envelope with postage
   thereon full prepaid, to be placed in the United States Post Office mailbox at Chico, California,
11 addressed as follows:

12
        ____**BY FACSIMILE TRANSMISSION** by causing a true facsimile thereof to be electronically
13 transmitted to the parties, by using their facsimile number indicated below and by causing a true copy
   thereof enclosed in a sealed envelope with postage therein fully prepaid, to be placed in the United
14 States Post Office mailbox at Chico, California, addressed as follows:

15

16 Edgar J. Guiterrez
   **BOWMAN AND BROOKE LLP**
17 879 W. 190th Street, Suite 700
   Gardena, CA 90248
18 Phone: (310) 768-3068
   Fax:    (310) 719-1019
19 {Attorney for Hamilton Beach/Proctor-Silex}

20

21       I declare under penalty of perjury that the foregoing is true and correct.

22 Executed on February 12, 2008, at Chico, California.

23                                    _Karen Winchester_
24                                    Karen Winchester
25
26
27
28

# EXHIBIT "D"

# Company Profile

# FIRE INSURANCE EXCHANGE
## PO BOX 2478 TERMINAL ANNEX
## LEGISLATIVE/REGULATORY AFFAIRS
## LOS ANGELES, CA 90051-2478

**Attorney in Fact**
FIRE UNDERWRITERS ASSOCIATION, 4680 WILSHIRE BLVD LOS ANGELES, CA 90010
**Agent for Service of Process**
DOREN E. HOHL, 4680 WILSHIRE BLVD. LOS ANGELES, CA 90010
Unable to Locate the Agent for Service of Process?

## Reference Information

| | |
|---|---|
| NAIC #: | 21660 |
| NAIC Group #: | 0212 |
| California Company ID #: | 1267-4 |
| Date authorized in California: | November 20, 1942 |
| License Status: | UNLIMITED-NORMAL |
| Company Type: | Property & Casualty |
| State of Domicile: | CALIFORNIA |

## Lines of Insurance Authorized to Transact

The company is authorized to transact business within these lines of insurance. For an explanation of any of these terms, please refer to the glossary.

AIRCRAFT
AUTOMOBILE
BOILER AND MACHINERY
BURGLARY
COMMON CARRIER LIABILITY
CREDIT
DISABILITY
FIRE
LIABILITY
MARINE
MISCELLANEOUS

## PROOF OF SERVICE

CCP 1013A(3) (Revised 5/1/88)

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 879 West 190th Street, Suite 700, Gardena, CA 90248-4227.

On March **11**, 2008, I served the foregoing document described as **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. SECTION 1441(b) DIVERSITY; DECLARATION OF EDGAR J. GUTIERREZ; EXHIBITS** on all interested parties in this action by placing **a true copy** thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED SERVICE LIST

(X)      BY MAIL (CCP §1013(a) and §2015.5)

( )      BY OVERNIGHT DELIVERY (CCP §1013(c) and §2015.5)

( )      BY FACSIMILE (CRC 2.306 and CCP §2015.5): The document(s) were transmitted by facsimile transmission to each of the parties at the facsimile number(s) listed on the attached service list and the transmission(s) reported as complete and without error. The facsimile machine I used complied with the California Rules of Court, Rule 2.306(g) and I printed a record of the transmission(s), a copy of which is attached to the original of this declaration.

( )      BY PERSONAL SERVICE (CCP §1011 and §2015.5): I delivered such envelope by hand to the addressee.

(X) As follows: I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under the practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than **1** day after date of deposit for mailing in affidavit.

Executed on March **11**, 2008, at Gardena, California.

( ) (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(X) (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Samie Long

L443624

- 1 -

## SERVICE/MAILING LIST

**Fire Insurance Exchange v. Hamilton Beach Brands, Inc.**
United States District Court Northern District of California – San Francisco
Case No.:

Kenneth W. Turner, Esq.
LAW OFFICES OF KENNETH W. TURNER
2057 Forest Avenue, Suite 3
Chico, California 95928

**Attorneys for FIRE INSURANCE EXCHANGE**

Tel:    (530) 898-0774
Fax:    (530) 898-0775

L445033