1  BOWMAN AND BROOKE LLP
   Edgar J. Gutierrez, Esq. SB# 189011
2  879 West 190th Street, Suite 700
   Gardena, CA  90248-4227
3  Telephone No.: (310) 768-3068
   Fax No.:  (310) 719-1019
4
   Attorneys for Defendant, HAMILTON BEACH BRANDS, INC. incorrectly sued and
5  served as HAMILTON BEACH/PROCTOR-SILEX, INC

6  LAW OFFICES OF KENNETH W. TURNER
   Kenneth W. Turner, Esq. (SBN# 100393)
7  2057 Forest Avenue, Suite 3
   Chico, California 95928
8  Telephone No.: (530) 898-0774
   Fax No.:  (530) 898-0775
9  Attorneys for Plaintiff FIRE INSURANCE EXCHANGE
10

11              **UNITED STATES DISTRICT COURT**

12        **NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO**

13

14  FIRE INSURANCE EXCHANGE,            )  **CASE NO.  CV 08-01455 SBA**
                                        )
15                  Plaintiff,          )   (Removed from Sonoma County
                                        )    Superior Court - Case No. SCV-241820)
16  vs.                                 )
                                        )  Assigned to: Hon. Saundra Brown
17  HAMILTON BEACH/PROCTOR-SILEX,       )              Armstrong
18  INC., and DOES 1 through 10, inclusive, )  Courtroom:  3
                                        )
19                  Defendants.         )  **JOINT CASE MANAGEMENT**
20                                      )  **STATEMENT**
                                        )
21                                      )  Action Filed: 11/8/07
                                        )  Trial Date:    None
22                                      )
23  _____ )

24          TO THE COURT, THE PARTIES AND THEIR ATTORNEYS OF RECORD:

25          Pursuant to the Court's April 4, 2008 Case Management Order and Local Rule

26  16-9, the parties have met and conferred and submit the following Joint Case

27  Management Statement:

28  / / /

I.    **Jurisdiction, Venue and Progress on Service of Process**

Jurisdiction and venue are proper.  This matter was originally filed on November 8, 2007 in the Sonoma County Superior Court.  Defendant Hamilton Beach/Proctor-Silex, Inc. timely removed this matter on March 14, 2008 pursuant to diversity jurisdiction under 28 U.S.C § 1441.

Service of process has been completed.  The parties do not anticipate joining additional parties at this time.  Plaintiff reserves the right to amend its Complaint to add additional defendants if defendant's responses to discovery contend that any part of the toaster was designed or manufactured by some other person or entity who is not presently a party to this action.

II.    **Facts**

This is a product liability, property damage subrogation action arising from a February 15, 2007 residential structural fire at the home of Maria Flores, located at 15372 Marty Drive, Glen Ellen, California.  Ms. Flores' home was covered by a policy of homeowner's insurance issued by the plaintiff, Fire Insurance Exchange, under policy number 96-0921737117.

Plaintiff alleges that it indemnified its insured in the amount over $204,367.53, for losses arising from this incident.  Plaintiff's insured had a $1,000 deductible which she seeks to have reimbursed under the terms of the policy with Plaintiff.   Plaintiff contends that the subject fire was caused by an allegedly defective toaster manufactured by defendant, Hamilton Beach/Proctor-Silex, Inc.  Plaintiff therefore seeks reimbursement for all sums paid to or behalf of its insured.  Defendant denies liability.

III.    **Disputed Legal Issues**

Discovery has not yet been concluded, so the parties are not able to anticipate all of the principal legal issues that might ultimately arise in this litigation. At the present time, however, the parties anticipate the following as the principal legal issues, which are disputed:

A.    The origin of the subject fire.

L457474

**JOINT CASE MANAGEMENT STATEMENT**

B.    The cause of the subject fire.

C.    The negligence of defendant and whether that negligence was the proximate cause of the fire.

D.    Whether the toaster was defective in design or manufacture, and whether such defects were the proximate cause of the fire.

E.    Whether there was a breach of warranty with respect to the toaster and whether such breach of warranty was a proximate cause of the fire.

F.    Whether there was a failure to warn of any anticipated injuries and whether that failure to warn was a proximate cause of the fire.

G.    The comparative fault of plaintiff's insured(s)

H.    Plaintiff's damages.[1]

## IV.    Anticipated Motions and Scheduling of Motions

No pre-trial motions are pending at this time.   The parties may consider a *Daubert* motion and motion for summary judgment following disclosure and depositions of expert witnesses.  Additionally, the parties reserve their right to bring appropriate trial related motions, including motions *in limine*.

## V.    Amendment of Pleadings

No amendments to the pleadings are anticipated at this time.   However, the parties reserve their right to do so as the case develops and as further investigation and discovery may warrant.

## VI.    Evidence Preservation

The allegedly defective toaster was preserved by plaintiff.  It is currently in the possession of defendant to conduct a non-destructive inspection and analysis whereupon it will be returned to the plaintiff.   The parties have agreed to make all reasonable efforts to preserve discoverable materials and information; and have agreed

---

[1]    Defendant contends it can only be held responsible for the actual cash value (ACV) of the property loss, not "replacement value" as plaintiff's contractual obligations with the insured do not pass to this defendant.

1   that no destructive testing of any evidence or discoverable materials shall be
2   undertaken without either (a) the express written agreement by the opposing party; or
3   (b) an order of this Court.

4        Defendant was not given notice of this incident before the incident scene was
5   altered from its post incident condition.  As such, it was unable to conduct a fire cause
6   and origin investigation.  Defendant has yet to determine what, if any prejudice it may
7   have sustained as a result of not being given notice.

8        The parties have issued appropriate legal holds for relevant documents and
9   materials.

10  **VII.**   **Disclosures**

11       Rule 26(a) disclosures will be made on or before June 12, 2008, fourteen (14)
12  days after the parties' Rule 26 conference of May 27, 2008.  Discovery responses have
13  previously been provided in the State Court proceedings and documents have been
14  provided.

15  **VIII.**   **Discovery and Scheduling of Discovery**

16       1.     The parties have conducted or anticipate conducting the following
17  discovery:

18              a.    By Plaintiff

19                    i.    Written Discovery to defendant on the issues of design and
20  manufacture of the toaster and its component parts.

21                    ii.   Written Discovery to defendant on the issue of prior claims,
22  lawsuits or recalls relating to the toaster.

23                    iii.  Depositions of persons most knowledgeable on the issues of
24  design and manufacture of the toaster and its component parts.

25                    iv.   Depositions of persons most knowledgeable on the issue of
26  prior claims, lawsuits or recalls relating to the toaster.

27                    v.    Plaintiff reserves its right to conduct further written discovery
28  on specific issues or topics that may arise as investigation and discovery warrants.

1

2          b.      By Defendant:

3                  i.      Written Discovery

4          Defendant has already performed preliminary written discovery during the

5   State Court proceedings.   No further written discovery anticipated at this time.

6   However, defendant reserves its right to conduct further written discovery on specific

7   issues or topics that may arise as investigation and discovery warrants.

8                  ii.     Records Subpoenas

9          Defendant served third party records subpoenas during the State

10  Proceedings.

11                 iii.    Inspection of subject toaster.

12         Defendant currently has the subject toaster for inspection at its

13  headquarters located in Glen Allen, Virginia.   Defendant anticipates that its inspection

14  will be completed within the next sixty (60) days and the toaster will be returned to the

15  plaintiff.

16                 iv.     Depositions

17         Defendant will depose plaintiff's insured, the insured's children, selected

18  fire department personnel and any other fact witnesses subsequently identified.

19         c.      Expert Witness Discovery

20         Expert depositions will be taken following expert disclosures.   The parties

21  will cooperate in the scheduling of expert witnesses.

22         d.      Timing of Discovery

23         It is anticipated that written discovery will be completed before depositions are

24  taken.

25  2.     **Changes to Be Made to Limitations on Civil Discovery**

26         None anticipated.

27  3.     **Timing of Expert Witness Disclosures**

28         Expert witness disclosures will be made ninety (90) days before trial,

1 | pursuant to Rule 26(2) (C).

2 | **IX.**   **Class Actions**

3 |     Not applicable.

4 | **X.**   **Related Litigation**

5 |     None.

6 | **XI.**   **Relief sought**

7 |     Plaintiff seeks recovery of approximately $204,367.53 in damages., plus pre-

8 | judgment interests and costs.  Plaintiff also seeks its insured's deductible of $1,000

9 | under the terms of the policy.

10 | **XII.**   **Settlement and ADR**

11 |     The parties have not yet engaged in substantive settlement negotiations.

12 |     The parties have complied with ADR Local Rule 3-5 and all other ADR aspects

13 | of this Court's orders.  The parties have filed a Notice of Need for ADR Conference.

14 | The parties are amenable to participation in mediation.  Plaintiff respectfully requests

15 | that it be scheduled.

16 | **XIII.**   **Consent to Magistrate Judge for All Purposes**

17 |     The parties decline to consent to assignment to a Magistrate for all purposes.

18 | **XIV.**   **Other References**

19 |     The case is not suitable for reference to binding arbitration, a special master, or

20 | the Judicial Panel on Multidistrict Litigation.

21 | **XV.**   **Narrowing of Issues**

22 |     The parties believe it would be premature at this juncture to narrow the scope of

23 | potential issues to be raised at trial, as discovery has not yet been completed in this

24 | case.  Specifically, defendant has not completed its examination of the toaster and has

25 | not responded to discovery from plaintiff on the issue of other claims, lawsuits and

26 | recalls.  Following the close of non-expert discovery, the parties will re-evaluate this

27 | question and endeavor to reach agreement to narrow the issues for trial.

28 | / / /

1  **XVI.**  <u>**Expedited Schedule**</u>

2      The parties do not believe that this matter is appropriate for handling on an

3  expedited basis with streamlined procedures.

4  **XVII.**  <u>**Scheduling**</u>

5      <u>The currently *scheduled* dates in this matter are as follows</u>:

6      June 12, 2008      Last day to file Rule 26(f) Report and Case Management

7                          Statement

8      June 12, 2008      Parties' initial disclosures

9      June 19, 2008      Initial Case Management Conference

10

11

12      <u>The parties propose the following additional dates</u>:

13      January  30, 2009   Non-Expert Discovery cut off

14      February 27, 2009   Plaintiff's submission of expert reports

15      April 30, 2009      Defendant's submission of expert reports

16      July 31, 2009       Dispositive Motion hearings

17      August 28, 2009     Pre-Trial Conference

18      October 2, 2009     Trial[2]

19  **XVIII. Trial**

20      The parties estimate a 5-7 day trial.  Both parties demand trial by jury.

21  **XIV.**  <u>**Disclosure of Non-party Interested  Entities or Persons**</u>

22      Plaintiff's complaint was filed in State Court and the action was removed by

23  defendant to this court.  Thus, at the time of the initial filing in State Court, plaintiff was

24  not required to file a Certification of Interested Entities or Persons.

25  / / /

26

---

27  [2] At the time of filing this Joint Case Management Conference Statement, counsel for defendant was
    unable to confirm whether this suggested trial date was available for the client representative.  However, if
28  the Court is inclined to set trial for such date, counsel expects that he will be able confirm his client's
    availability by the time of the June 19, 2008 Case Management Conference.

1    A.    Plaintiff's Certification:

2    Pursuant to Civil L. R. 3-16, Fire Insurance Exchange certifies that the following

3    listed persons, associations of persons, firms, partnerships or corporations (including

4    parent corporations) or other entities (i) have a financial interest in the subject matter in

5    controversy or in a party to the proceeding, or (ii) have a non-financial interest in the

6    subject matter or in a party that could be substantially affected by the outcome of this

7    proceeding:   Fire Insurance Exchange is a reciprocal or inter-insurance exchange

8    organized and existing under the laws of the State of California.  It is one of a number

9    of companies authorized to do business under the name of "Farmers Insurance";

10    plaintiff's insured, Maria Flores to the extent of her deductible of $1,000.00.

11    B.    Defendant's Certification:

12    Defendant filed and served its Certification at the time of removal.  Defendant re-

13    states the contents of its previously filed disclosure, as follows:

14    1.    Plaintiff, Fire Insurance Exchange;

15    2.    Hamilton Beach Brands, Inc. f/k/a Hamilton Beach/Proctor-Silex, Inc. is

16    the defendant in this litigation and, accordingly, has a financial interest in its outcome;

17    3.    NACCO Housewares Holding Company is the parent corporation of

18    Hamilton Beach Brands, Inc. a defendant in this litigation, and accordingly has a

19    financial interest in the outcome of this litigation; and,

20    4.    NACCO Industries, Inc. is the parent corporation of NACCO Housewares

21    Holding Company, which is the parent corporation of Hamilton Beach Brands, Inc., a

22    defendant in this litigation, and accordingly has a financial interest in the outcome of

23    this litigation.

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

JOINT CASE MANAGEMENT STATEMENT

1    **XX.    Other matters**

2        The parties are not aware of any other matters that might facilitate the just,

3    speeding and inexpensive disposition of this matter.

4                      Respectfully Submitted,

5    Dated:  June 9, 2008           BOWMAN AND BROOKE LLP

6

7

8                      By: _____/S Edgar J. Gutierrez_____

9                          Edgar J. Gutierrez
                           Attorneys for Defendant, HAMILTON

10                         BEACH BRANDS, INC. incorrectly sued
                           and served as HAMILTON

11                         BEACH/PROCTOR-SILEX, INC

12

13   DATED:  June 9, 2008        LAW OFFICES OF KENNETH W.
                           TURNER

14

15

16                     By: _____/S Kenneth W. Turner_____

17
                           Kenneth W. Turner
18                         Attorney for Plaintiff FIRE INSURANCE
                           EXCHANGE

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
**CCP 1013A(3) (Revised 5/1/88)**
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 879 West 190th Street, Suite 700, Gardena, CA  90248-4227.

On June 9, 2008, I served the foregoing document described as **JOINT CASE MANAGEMENT STATEMENT** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

**(X)**     **BY MAIL**

( )     **BY FACSIMILE:**  The document(s) were transmitted by facsimile transmission to each of the parties at the facsimile number(s) listed on the attached service list and the transmission(s) reported as complete and without error.  The facsimile machine I used complied with the California Rules of Court, Rule 2008(b) and I printed a record of the transmission(s), a copy of which is attached to the original of this declaration.

( )     **BY PERSONAL SERVICE:** I delivered such envelope by hand to the addressee.

**(X)** As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under the practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than **1** day after date of deposit for mailing in affidavit.

Executed on June 9, 2008, at Gardena, California.

() (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**(X)** (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____/S  Regina Foley

*(By mail signature must be of person depositing envelope in mail slot, box, or bag)

## SERVICE/MAILING LIST

### Fire Insurance Exchange v. Hamilton Beach Brands, Inc.

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO CASE NO.  CV 08-01455 SBA**

| | |
|---|---|
| Kenneth W. Turner, Esq.<br>LAW OFFICES OF KENNETH W. TURNER<br>2057 Forest Avenue, Suite 3<br>Chico, California 95928 | **Attorneys for FIRE INSURANCE EXCHANGE**<br><br>Tel:    (530) 898-0774<br>Fax:    (530) 898-0775 |

L432800